IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KIMBERLY G.P.,[1]

    Plaintiff,

v.                                   Civil Action No. 3:22-cv-48–HEH

KILOLO KIJAKAZI,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION
### (Adopting Magistrate Judge's Report and Recommendation)

This is an action challenging the Social Security Administration's ("SSA," or "Commissioner") denial of Disability Insurance Benefits ("DIB") to Plaintiff. The matter is presently before the Court on the Report and Recommendation ("R&R") filed pursuant to 28 U.S.C. § 636(b)(1) by the Honorable Mark R. Colombell, United States Magistrate Judge ("Magistrate Judge") on October 20, 2022. (ECF No. 22.) The Magistrate Judge's R&R addressed the parties' cross-motions for summary judgment (ECF Nos. 16, 20) and recommended the Court affirm the SSA's decision. (*Id.*) Plaintiff has filed an Objection to the R&R (Pl.'s Obj., ECF No. 23), and Commissioner has responded thereto (Def.'s Resp., ECF No. 24). The Court will dispense with oral argument because the facts and

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants by only their first names and last initials.

legal contentions are fully developed, and argument would not aid the Court in its decisional process. *See* E.D. Va. Local Civ. R. 7(J)

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) ("[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'" (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007))). In conducting its review, this Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition of the case. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

The instant case involves Plaintiff's application for Social Security DIB under the Social Security Act (the "Act"). In Plaintiff's application, she alleged disability from non-ST-elevation myocardial infarction, congestive heart failure, Type 2 diabetes, lung nodule, cardiomyopathy, and coronary artery disease. (R. at 206.) The SSA denied Plaintiff's claim, both initially and upon reconsideration. An administrative law judge ("ALJ") then denied Plaintiff's application in a written decision, finding that Plaintiff did not qualify as disabled under the Act, and that Dr. Salhi's medical opinion was not generally persuasive. In making his disability determination, the ALJ followed the five-step evaluation process, pursuant to SSA regulations. *See Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). The ALJ evaluated Dr. Salhi's medical opinion and weighed his conclusions by considering the factors established by 20 C.F.R. § 404.1520c.

2

At step one of the evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity[2] since her alleged disability onset date. (R. at 13.) At step two, the ALJ found that Plaintiff had the following severe impairments: (1) congestive heart failure; (2) coronary artery disease; (3) status post coronary artery bypass; (4) tachycardia; (5) status post implantable cardioverter defibrillator placement; (6) Type 2 diabetes; (7) edema; (8) residuals of acute tubular necrosis; and (9) status post pleural effusion. (R. at 13.) At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations. (R. at 14.)

Between steps three and four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), *see* 20 C.F.R. § 40.1520(a)(4), (e); 20 C.F.R. § 404.1545(a), which was used during the remaining steps of the evaluation process. The ALJ found that Plaintiff could perform sedentary work as defined in 20 C.F.R. § 404.1567(a) and also some physical activities like "lift[ing] and/or carry ten pounds occasionally," "stand[ing] and/or walk[ing] two hours," and "occasional[ly] operat[ing] . . . foot controls with the bilateral lower extremities." (R. at 16.) The ALJ considered "all symptoms and the extent to which [those] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (R. at 16.)

---

[2] Substantial gainful activity is work that is both substantial and gainful as defined by the Agency in the C.F.R. Substantial work activity is "work activity that involves doing significant physical or mental activities," which may include work that "is done on a part-time basis" or work that comes with less pay or responsibility than a person's prior work history. 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." *Id.* § 404.1572(b).

3

At step four, the ALJ decided that Plaintiff was capable of performing past relevant work as an accounts payable clerk because such work "does not require Plaintiff to perform work-related activities precluded by her residual functional capacity." (R. at 20.) While not required to conduct step five of the analysis, the ALJ nonetheless considered the testimony of a vocational expert to make a more thorough record. The expert testified that Plaintiff could perform the requirements of certain occupations such as cash account clerk, given Plaintiff's age, education, past relevant work experience, vocational preparation, and residual functional capacity. (R. at 21.)

The ALJ evaluated Dr. Salhi's medical opinion, summarized the Medical Source Statement ("MSS") and Cardiac Medical Source Statement ("CMSS"), and concluded that Dr. Salhi's opinion was "not generally persuasive," as required by 20 C.F.R. § 404.1520c. (R. at 18–19.) The ALJ explained:

> "[Dr. Salhi] supported his opinion with his narrative, but it is not generally consistent with the remainder of the medical evidence. [Plaintiff] did not allege, nor did any other clinician indicate, that she needs to elevate her legs during the day. Further, while [Dr. Salhi] states that [Plaintiff's] ability to push and pull would not be affected, she experiences occasional edema and diabetic foot sores that would limit her ability to operate foot controls. Additionally, she is able to maintain a variety of daily activities that suggests she is able to stay on task and to attend to tasks sufficiently to perform work activities without excessive absences. Therefore, the undersigned finds this opinion not generally persuasive.

(R. at 19.)

The Magistrate Judge carefully weighed Plaintiff's evidence against the ALJ's finding that Dr. Salhi's opinion was "not generally persuasive" and concluded that Plaintiff was "not disabled" under the Act. Specifically, the Magistrate Judge first

4

addressed Plaintiff's contentions that the ALJ did not properly address the "supportability" of Dr. Salhi's medical opinion, as required by 20 C.F.R. § 404.1520c. The Magistrate Judge then addressed Plaintiff's argument that the ALJ only provided a "vague conclusory statement" as to why Dr. Salhi's opinion was inconsistent with Plaintiff's daily activities. The Magistrate Judge also addressed Plaintiff's argument that the ALJ did not explain which daily activities are inconsistent with Dr. Salhi's opinion that Plaintiff requires significant breaks and time off from work. (R&R at 10.) The Magistrate Judge determined the ALJ did not err, and that substantial evidence supported the ALJ's decision.

Accordingly, the Magistrate Judge recommended to this Court, pursuant to 42 U.S.C. § 405(g), that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the final decision of the Commissioner be affirmed. *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing.").

On November 3, 2022, Plaintiff filed an Objection to the Magistrate Judge's R&R. Plaintiff first claims that the following three findings made by the Magistrate Judge should be rejected:

> (1) that despite the ALJ having acknowledged that Dr. Salhi "supported his opinion with his narrative," his findings were not consistent with the remainder of the medical evidence; [(2) that] Dr. Salhi did not limit Plaintiff's ability to push or pull despite Plaintiff's documented edema and foot sores; [and (3)] that Dr. Salhi's opinion regarding Plaintiff's absences

5

and ability to stay on task did not comport with Plaintiff's activities of daily living.

(Pl.'s Obj. at 1–2 (quoting R&R at 1).) In his response, the Commissioner maintains that the Magistrate Judge correctly found that the ALJ's consideration of Dr. Salhi's opinion was supported by substantial evidence. (Def.'s Resp. at 2.) Therefore, the Commissioner urges this Court to adopt the R&R, deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the ALJ's decision. (*Id.* at 1.)

When reviewing the decision of an ALJ, the reviewing court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (alteration in original) (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). When assessing "substantial evidence," the Court looks for "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," which is more than "a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (alteration in original) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938))).

The Court cannot "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Johnson*, 434 F.3d at 653 (first

6

alteration added) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *see also Biestek*, 139 S. Ct. at 1156 (referring to the substantial evidence standard as "deferential"). "A factual finding by the ALJ is not binding [however] if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

In line with this standard and having reviewed the record, Plaintiff's Objection, and the Magistrate Judge's R&R, this Court finds that there is substantial evidence in the record to support the ALJ's finding of fact and conclusions of law as to the arguments asserted by Plaintiff, which were properly reviewed and rejected by the Magistrate Judge. Accordingly, Plaintiff's Objection will be overruled.

This Court agrees that the ALJ properly considered the "supportability" of Dr. Salhi's medical opinion in his analysis of the 20 C.F.R. § 404.1520c factors. This Court also agrees that the ALJ sufficiently addressed both the supportability and consistency factors when he found Dr. Salhi's opinion not generally persuasive. First, the ALJ concluded that Dr. Salhi's findings were "not consistent with the remainder of the medical evidence" after noting that Dr. Salhi's opinion that Plaintiff needs to elevate her legs was not recommended by any other clinician and after pointing out that other state agency physicians did not find Plaintiff had this limitation. (R. at 19.) Second, the ALJ discounted Dr. Salhi's opinion because he *did not* indicate Plaintiff was limited in her ability to push or pull despite her edema and foot sores and the fact that other state agency physicians *did* indicate she was limited in this way. (R. at 19.)

Finally, the ALJ adequately explained that Plaintiff's activities of daily living,

7

such as her ability to independently care for her personal needs, do chores, prepare meals, drive, and shop, did not comport with Dr. Salhi's opinions about the estimated days Plaintiff would be absent from work and unable to stay on task. (R. at 18, 19, 70.) The ALJ also credited Plaintiff's acknowledgement that she could perform tasks similar to her similar job, which she left because it was "stressful." (R. at 70–71.) Plaintiff's argument that the ALJ failed to "provide any discussion as to why the actual limitations found by Dr. Salhi are undermined by the record" is unsupported. (Pl.'s Reply Mem. at 3.)

This Court finds that the ALJ followed the five-step evaluation process, pursuant to SSA regulations, and properly found that Dr. Salhi's medical opinion was not "generally persuasive," after considering the required 20 C.F.R. § 404.1520c factors. Therefore, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's findings. For these reasons, the Court will accept and adopt the Magistrate Judge's R&R (ECF No. 22). Accordingly, Plaintiff's Motion for Summary Judgment (ECF No. 16) will be denied, and Defendant's Motion for Summary Judgment (ECF No. 20) will be granted. The Commissioner's decision will be affirmed.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: January 9, 2023
Richmond, Virginia